UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **BRIAN MICHAEL BOWERS** | : | **DOCKET NO. 2:23-cv-0126** |
| B.O.P. # 28008-045 | | **SECTION P** |
| **VERSUS** | : | **JUDGE JAMES D. CAIN, JR.** |
| **FELIPE MARTINEZ, JR.** | : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by pro se petitioner Brian Michael Bowers. This matter was originally filed in the Western District of Missouri (doc. 1) and, because Bowers is an inmate in the custody of the Bureau of Prisons ("BOP"), currently incarcerated at the Federal Correctional Institute at Oakdale, Louisiana ("FCIO"), it was transferred to this Court on January 26, 2023 (doc. 3). An amended petition, on proper forms, was filed on March 2, 2023. Doc. 6.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of this court. For the reasons stated below, **IT IS RECOMMENDED** that the matter be **DENIED** and **DISMISSED WITH PREJUDICE** under Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts.

**I.**
**BACKGROUND**

Bowers was sentenced in the Western District of Missouri on December 19, 2017. Doc 1, p 1. He brings this petition to challenge the BOP's calculation of his sentence, alleging that the

BOP erred by failing to credit him for the time period between July 30, 2015, through April 4, 2018, despite the fact that the sentencing Judge allegedly stated that his federal incarceration would run concurrent with the state sentence he was serving at the time. Doc. 1, att. 1. He exhausted his administrative remedies through the filing of a BP-11, which was denied on January 12, 2023. Doc. 1, att. 2, pp. 11-12. The BP-11 response sets forth the following facts:

> A review of your file reveals that on January 13, 2015, you were arrested by Clay County, Missouri authorities for violating the conditions of your probation…and detained. On February 18, 2015, your probation was revoked and the original 14-year term of imprisonment was imposed. Records received from the Missouri Department of Corrections indicate this was the second revocation of this sentence and you received all credit for time spent in custody from the previous revocation and the current revocation for a total of 274 days. Your maximum release date from this sentence is January 25, 2028.
>
> On July 7, 2015, you were indicted in the United States District Court for the Western District of Missouri in case number 5:15-CR-06004-DGK(13), for Possession of a Firearm in the Furtherance of a Drug Trafficking Crime, Conspiracy to Distribute One Kilogram or More of Heroin and Conspiracy to Distribute 500 Grams or More of Methamphetamine in violation of Title 18, United State Code § 924(c) and Title 21, United States Code § § 841 and 846.
>
> On several dates beginning on July 31, 2015, while in state custody, you were "borrowed" pursuant to a Federal Writ of Habeas Corpus Ad Prosequendum.
>
> On December 19, 2017, you were sentenced in the United States District Court for the Western District of Missouri to a 150-month term of imprisonment.
>
> On December 21, 2017, you were appropriately returned to Missouri state authorities and the U.S. District Court Judgment was filed as a detainer by the U.S. Marshals Service. On April 4, 2018, the Missouri Department of Corrections paroled you from your state sentence, releasing you to the "exclusive" custody of federal authorities, to begin service of your federal sentence.

Doc. 1, att. 2, p. 11.

The response concludes that the time spent in the primary custody of state authorities, which includes the time period at issue, was credited against Bowers' state sentence and not creditable against his federal sentence under Title 18 § 3585 (b). *Id.* at p. 12.

## II.
## LAW & ANALYSIS

### A. Screening of Habeas Corpus Petitions

A district court may apply any or all of the rules governing habeas petitions filed under 28 U.S.C. § 2254 to those filed under § 2241. *See* Rule 1(b), Rules Governing § 2254 Cases in the United States District Courts. Rule 4 of the Rules Governing § 2254 Cases authorizes preliminary review of such petitions, and states that they must be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." *Id.* at Rule 4. To avoid summary dismissal under Rule 4, the petition must contain factual allegations pointing to a "real possibility of constitutional error." *Id.* at Rule 4, advisory committee note (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)). Accordingly, we review the pleadings and exhibits before us to determine whether any right to relief is indicated, or whether the petition must be dismissed.

### B. Application

A § 2241 petition on behalf of a sentenced prisoner "attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). In order to prevail, a § 2241 petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

Under 18 U.S.C. § 3585(b), the authority to grant or deny sentencing credit is specifically reserved to the United States Attorney General and delegated to the Bureau of Prisons. *United States v. Wilson*, 112 S.Ct. 1351, 1353–54 (1992). A district court may review a challenge to the BOP's refusal to grant credit for time served or make a nunc pro tunc designation through a § 2241 petition, but only after the BOP has a made a final decision on same. *See Pierce v. Holder*, 614 F.3d 158, 160 (5th Cir. 2010).

Bowers provides proof of his exhaustion through the BP-11 response. *See* 28 C.F.R. § 542.15(a) (designating the BP-11 as the final stage of the BOP's administrative remedy procedure). However, the decision on that request, and the claim as provided by Bowers, show that there is no error to the BOP's decision and no basis for relief under § 2241. Bowers' sentence was computed as directed by 18 U.S.C. § 3585(b), which does not allow the time credited to his state sentence to be creditable against his federal sentence. Accordingly, he can show no right to relief and his petition should be dismissed under Rule 4 as described above.

### III.
#### CONCLUSION

Bowers fails to state a claim for relief under 28 U.S.C. § 2241. Accordingly,

**IT IS RECOMMENDED** that the petition be **DENIED** and **DISMISSED WITH PREJUDICE** under Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 17th day of May, 2023.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE